1  **Todd M. Friedman (216752)**
   **Adrian R. Bacon (280332)**
2  **Law Offices of Todd M. Friedman, P.C.**
   **324 S. Beverly Dr., #725**
3  **Beverly Hills, CA 90212**
   **Phone: 877-206-4741**
4  **Fax: 866-633-0228**
   **tfriedman@attorneysforconsumers.com**
5  **abacon@attorneysforconsumers.com**
   **Attorneys for Plaintiff**
6
7  *Attorneys for Plaintiff, Anne Wolf, and all others similarly situated*

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | ANNE WOLF, individually, and on behalf of other members of the general public similarly situated, | Case No. 5:15-cv-01221-BRO-GJS |
12 | | **SECOND AMENDED CLASS ACTION COMPLAINT** |
13 |                    Plaintiff, | (1)  Violation of Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*) |
14 |            vs. | |
15 | HEWLETT PACKARD COMPANY, | |
16 |                    Defendant. | **Jury Trial Demanded** |
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff Anne Wolf ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this class action Complaint against Defendant HEWLETT PACKARD COMPANY (hereinafter "Defendant") to stop Defendant's practice of falsely advertising HP LaserJet P1002w printers that are claimed to have "HP Smart Install," a feature designed to allow for the easy software installation of the printers, when in fact this feature has been disabled from these printers and to obtain redress for a nationwide class of consumers ("Class Members") who purchased, within the applicable statute of limitations period, one of these HP LaserJet P1002w printers manufactured by Defendant (hereinafter collectively referred to as the "Class Products").

2.      Defendant is a Delaware corporation and is engaged in the manufacture, sale, and distribution of computers and related equipment and services with its headquarters and principle place of business in California

3.      Defendant represents that certain HP LaserJet P1002w printers that have HP Smart Install will utilize this feature to allow the printers to obtain installation software automatically via the internet when they in fact do not contain this feature.

4.      Plaintiff and others similarly situated purchased these HP LaserJet P1002w printers.

5.      Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that the HP Smart Install feature would be installed in these HP LaserJet P1002w printers, but in fact they were disabled from the HP LaserJet P1002w printers sold to Plaintiff and others similarly situated, providing them with HP LaserJet P1002w printers without the feature that they were advertised to have.

CLASS ACTION COMPLAINT

6.    Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase these HP LaserJet P1002w printers, which Plaintiff and others similarly situated would not have purchased absent these misrepresentations by Defendant and its employees. In so doing, Defendant has violated California consumer protection statutes.

**NATURE OF THE CASE & COMMON ALLEGATIONS OF FACT**

7.    Consumers purchase HP LaserJet P1002w printers advertised to have the HP Smart Install feature included with the printers.

8.    On the outside of the boxes of these printers, there is a statement assuring customers that these HP LaserJet P1002w printers will be easy to install because of the inclusion of the HP Smart Install feature (See "Exhibit A").

9.    Consumers rely on the representations and advertisements of retailers in order to know which printers to purchase. The difficulty of having to install a HP LaserJet P1002w printer can often times deter one from buying the printer.

10.    Defendant is a manufacturer that is engaged in the manufacture, marketing, supplying and distributing of printers advertised to have HP Smart Install included with the HP LaserJet P1002w printer but in fact do not.

11.    Consumers pay for the HP Smart Install feature as part of the payment for the HP LaserJet P1002w printers. When consumers purchase the HP LaserJet P1002w printer they are purchasing the HP LaserJet P1002w printer for the features that are advertised to come with them.

12.    Defendant profits from both the sale of the HP LaserJet P1002w printers and the HP Smart Install feature. Without the HP Smart Install feature, many of the consumers would not have purchased these HP LaserJet P1002w printers because of the difficulty of installing standard printers and the deterrence to the purchase of printers that the difficulty in installation causes.

13.    In actual fact, the HP Smart Install feature is disabled and unavailable

CLASS ACTION COMPLAINT

for use on the HP LaserJet P1002w printers that the Defendant advertises them to have.

14.    A pamphlet is included inside of the HP LaserJet P1002w printer boxes that the HP Smart Install feature is disabled and unusable. Consumers are unable to ascertain the true features of the printers until after they have purchased the HP LaserJet P1002w printers and opened the boxes.

15.    Despite the fact that these HP LaserJet P1002w printers do not include HP Smart Install, Defendant and Defendant's employees nonetheless represent to consumers on the box that the printers include the HP Smart Install feature and benefit from such representations.

16.    Defendant conceals the fact that HP LaserJet P1002w printers do not include the HP Smart Install feature.

17.    Defendant does not present consumers with a written copy of the correct terms of the purchase prior to purchase.

18.    Defendant makes written representations to consumers which contradict the actual features included with the HP LaserJet P1002w printers.

19.    The aforementioned written and oral representations are objectively false, and constitute a violation of the California Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750 *et. seq.*

20.    Defendant's violations of the law include, but not limited to, the false advertising, marketing, representations, and sale of the invalid Class Products to consumers in California.

21.    On behalf of the class, Plaintiff seeks an award of damages and restitution to the Class Members, together with costs and reasonable attorneys' fees.

**JURISDICTION AND VENUE**

22.    This class action is brought pursuant to Federal Rule of Civil

CLASS ACTION COMPLAINT

Procedure 23.  All claims in this matter arise exclusively under California law.

23.    This matter is properly venued in the United States District Court for the Central District of California, in that Plaintiff purchased the HP LaserJet P1002w printer at a Staples store located at 3370 Yucaipa Blvd, Yucaipa, California, 92399.  Plaintiff resides in the Central District of California and Defendant does business, inter alia, in the Central District of California.

24.    There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

25.    In the case at bar, there are at least 100 members in the proposed Class and Sub-classes, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

**THE PARTIES**

26.    Plaintiff Anne Wolf is a citizen and resident of the State of California, County of Riverside.

27.    Defendant HEWLETT PACKARD COMPANY is a corporation with its principle place of business located in Delaware and headquarters in California. Defendant is a Delaware Corporation.  Defendant's principle place of business is within California.

28.    Plaintiff alleges, on information and belief, that Defendant's marketing campaigns, as pertains to this matter, were created by Defendant at its

principle place of business in California, and were disseminated from California, nationwide.

29.    Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales or products and services, and the allegedly unlawful acts originated, which is California.

30.    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendant.

31.    Plaintiff is informed and believes, and thereon alleges, that said Defendant is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

32.    At all relevant times, Defendant ratified each and every act or omission complained of herein.  At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

## PLAINTIFF'S FACTS

33.    On or around April 25, 2015 Plaintiff went to a Staples store located at 3370 Yucaipa Blvd, Yucaipa, California, 92399, and purchased a LaserJet Pro P1102w printer ("the printer").

34.    For the printer, Plaintiff paid more than valuable consideration.

35.    Including taxes and fees Plaintiff paid over $140.38. In addition, Plaintiff purchased other items from Defendant as ancillary to the purchase of the printer for more than valuable consideration. In total, including taxes and fees the total price of the purchase came out to $194.25. A receipt of the purchase is enclosed for the record (see "Exhibit B").

36.    Defendant manufactured the printer with all relevant packaging and materials.

37.    On the box of the printer Defendant advertised easy printer software installation through the preinstalled HP Smart installed feature (see "Exhibit A"). In relevant part, the box said:

> "Start printing right away with effortless setup – no CD installation required – using HP Smart Install."

38.    Plaintiff had shopped around extensively, both online and in brick and mortar retail locations, for a printer that would be the easiest wireless laser printer to install and get up and running.  Plaintiff wanted a printer that was effortless and could start printing right away.  Plaintiff was drawn to the printer because of the written advertisements on the side of the box, which gave her the impression that the printer was a printer which would meet her needs and expectations.

39.    Relying on the assurance that the HP Smart Install feature would be included with the purchase of the printer, Plaintiff decided to purchase the printer. Plaintiff purchased the printer because of the assurance of easy installation that was advertised through the HP Smart Install feature included with the printer

40.    During the time she spent shopping for a printer, Plaintiff did not see any other laser printers that she thought would be as easy to install as the printer, because she did not notice that any of them advertised a feature comparable to the Smart Install feature.  Plaintiff forewent purchasing these other brands and models of printers, in lieu of the printer, for this reason.

41.    Upon returning to her residence in attempt to connect the printer to

1    her HP 15 laptop, which runs a Windows 8 processing system, Plaintiff could not

2    get the printer installed and connected to her laptop.

3        42.    Plaintiff struggled, frustratingly, for quite some time until Plaintiff

4    discovered that the HP Smart Install feature had been disabled.

5        43.    There was an Insert Sheet stuffed way down on the bottom of the

6    inside of the sealed box stating this (see "Exhibit C"). In relevant part the Insert

7    Sheet stated:

8            "The Smart Install feature is now disabled by default."

9        44.    Upon learning this, Plaintiff felt ripped off and cheated by Defendant.

10        45.    The Insert Sheet indicated that Defendant knew that the HP Smart

11    Install feature would not be available despite advertising as such.

12        46.    Such sales tactics rely on falsities and have a tendency to mislead and

13    deceive a reasonable consumer.

14        47.    Defendant expressly represented to Plaintiff, through written

15    statements, that the HP Smart Install would be available for easy and quick

16    installation.

17        48.    Plaintiff alleges that such representations were part of a common

18    scheme to mislead consumers and incentivize them to purchase HP LaserJet

19    P1002w printers in spite of the inhibition brought about by the difficulty of

20    installing them.

21        49.    In purchasing the Class Products at the time of purchase of her HP

22    LaserJet P1002w printer, Plaintiff relied upon Defendant's representations that the

23    HP LaserJet P1002w printer would be "effortless" to install as a result of the

24    inclusion of the HP Smart Install feature.

25        50.    Not only were such representations clearly false because the printers

26    did not in fact include the HP Smart Install feature, but the Plaintiff's difficulty

27    and inability to install the printer to her laptop evidences that the printer was also

28

not "effortless" to install.

51.    Plaintiff would not have purchased the printer if she knew that the above-referenced statements made by Defendant were false.

52.    Had Defendant properly marketed, advertised, and represented the Class Products as failing to include the HP Smart Install feature, Plaintiff would not have purchased the printer.

53.    Plaintiff gave her money to Defendant because of the HP Smart Install feature. Defendant benefited from falsely advertising the features included with the printer. Plaintiff received nothing for giving her money to Defendant for the HP Smart Install feature as it was not included with printer. Defendant benefited on the loss to Plaintiff and provided nothing of benefit to Plaintiff in exchange.

54.    Had Defendant properly marketed, advertised, and represented the Class Products as failing to include the HP Smart Install feature, no reasonable consumer who purchased a printer would have believed that it came with the HP Smart Install feature leading to easy and quick installation.

55.    Plaintiff has filed a venue affidavit, pursuant to Cal. Civ. Code § 1780(c).  Plaintiff's venue affidavit asserts that Defendant was doing business in the Central District of California, and that the transactions at issue in this case, as they pertain to Plaintiff, took place in this District

## CLASS ACTION ALLEGATIONS

56.    Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

57.    The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, purchased one or more Class Products in the United States, and whose HP LaserJet P1002w printer was advertised to include the HP Smart

Install feature.

58.    As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

59.    Excluded from the Class are Defendant, its affiliates, employees, agents, and attorneys, and the Court.

60.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

61.    Upon information and belief, the proposed class is composed of thousands of persons.  The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

62.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

63.    Rather, all claims in this matter arise from the identical, false, affirmative written statements that HP Smart Install would be included for Class Members' when contemporaneously purchased HP LaserJet P1002w printers, when in fact, such representations were false.

64.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

    (a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in selling Class Products to Plaintiff and other Class Members;

    (b) Whether Defendant made misrepresentations with respect to the Class Products sold to consumers;

    (c) Whether Defendant profited from both the sale of the HP LaserJet P1002w printers and HP Smart Install feature;

    (d) Whether Defendant violated California Civ. Code § 1750, *et*

CLASS ACTION COMPLAINT

1               *seq.*;

2        (e)     Whether Plaintiff and Class Members are entitled to equitable

3                 relief and/or restitution;

4        (f)     Whether Defendant's unlawful, unfair, and/or deceptive

5                 practices harmed Plaintiff and Class Members; and

6        (g)     The method of calculation and extent of damages for Plaintiff

7                 and Class Members.

8      65.    Plaintiff is a member of the class she seeks to represent

9      66.    The claims of Plaintiff are not only typical of all class members, they

10 are identical.

11      67.    All claims of Plaintiff and the class are based on the exact same legal

12 theories.

13      68.    Plaintiff has no interest antagonistic to, or in conflict with, the class.

14      69.    Plaintiff is qualified to, and will, fairly and adequately protect the

15 interests of each Class Member, because Plaintiff bought Class Products from

16 Defendant during the Class Period.  Defendant's unlawful, unfair and/or

17 fraudulent actions concerns the same business practices described herein

18 irrespective of where they occurred or were experiences.  Plaintiff's claims are

19 typical of all Class Members as demonstrated herein.

20      70.    Plaintiff will thoroughly and adequately protect the interests of the

21 class, having retained qualified and competent legal counsel to represent herself

22 and the class.

23      71.    Common questions will predominate, and there will be no unusual

24 manageability issues.

25

26

27

28

CLASS ACTION COMPLAINT

# FIRST CAUSE OF ACTION

## Violation of Consumer Legal Remedies Act

### (Cal. Civ. Code § 1750 *et seq.*)

72.    Plaintiffs incorporate by reference each allegation set forth above herein.

73.    Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act, Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

  a.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have. Cal. Civ. Code § 1770(5);

  b.  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code § 1770(7);

  c.  Advertising goods or services with intent not to sell them as advertised; *Cal. Civ. Code* §1770(9);

  d.  Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; *Cal. Civ. Code* §1770(14); and

  e.  Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not; *Cal. Civ. Code* §1770(16);

74.    On or about June 22, 2015, through their Counsel of record, using certified mail with a return receipt requested, Plaintiffs served Defendants with notice of its violations of the CLRA, and asked that Defendants correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendants that they must take such action within thirty (30) calendar days, and pointed Defendants to the provisions of the

CLASS ACTION COMPLAINT

CLRA that Plaintiffs believe to have been violated by Defendants. A true and correct copy of Plaintiff's CLRA notice letter is attached hereto as Exhibit D. Defendants have not replied to this correspondence, and have thereby refused to timely correct, repair, replace or otherwise rectify the issues raised therein.

## MISCELLANEOUS

75.     Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

76.     Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

77.     Plaintiff, on behalf of herself and the Class, requests the following relief:

    (a)     An order certifying the Class and appointing Plaintiff as Representative of the Class;

    (b)     An order certifying the undersigned counsel as Class Counsel;

    (c)     An order requiring HEWLETT PACKARD COMPANY, at its own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

    (d)     Restitution for the monies spent by Plaintiff and Class members on the Class Products;

    (e)     An order requiring HEWLETT PACKARD COMPANY to engage in corrective advertising regarding the conduct discussed above;

    (f)     Actual damages suffered by Plaintiff and Class Members as applicable from the sale of misbranded Class Products during the relevant class period;

CLASS ACTION COMPLAINT

1        (g)    Punitive damages, as allowable, in an amount determined by

2              the Court or jury;

3        (h)    Any and all statutory enhanced damages;

4        (i)    All reasonable and necessary attorneys' fees and costs provided

5              by statute, common law or the Court's inherent power;

6        (j)    Pre- and post-judgment interest; and

7        (k)    All other relief, general or special, legal and equitable, to which

8              Plaintiff and Class Members may be justly entitled as deemed

9              by the Court.

Dated:  April 25, 2016          Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC


By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff Anne Wolf

CLASS ACTION COMPLAINT

## CERTIFICATE OF SERVICE

Filed electronically on this 25th day of April, 2016, with:

United States District Court CM/ECF system

Notification sent electronically on this 25th day of April, 2016, to:

Honorable Judge Beverly Reid O'Connell
United States District Court
Central District of California

Michael J. Stortz
Tracy S. Combs
Marshall L. Baker
DRINKER BIDDLE & REATH LLP

s/ Todd M. Friedman
Todd M. Friedman

CLASS ACTION COMPLAINT