MICHAEL J. STORTZ (SBN 139386)
michael.stortz@dbr.com
MARSHALL L. BAKER (SBN 300987)
marshall.baker@dbr.com
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105-2235
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

ERIN E. MCCRACKEN (SBN 244523)
erin.mccracken@dbr.com
DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, CA 90067-1517
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Attorneys for Defendant
HP INC. f/k/a HEWLETT-PACKARD COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE WOLF, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD COMPANY,<br><br>Defendant. | Case No. 5:15-cv-01221-BRO-GJS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**<br><br>Date: August 29, 2016<br>Time: 1:30 p.m.<br>Dept: 14<br>Judge: Hon. Beverly Reid O'Connell<br><br>*[Memorandum of Points and Authorities in Support of Opposition to Plaintiff's Motion for Class Certification; Declaration of Erin. E. McCracken; Declaration of Curtis Derr; Objections to Evidence; and [Proposed] Order, filed concurrently herewith.]* |

Defendant HP Inc. ("Defendant" or "HP") submits this Opposition to Plaintiff's Request for Judicial Notice In Support of Motion for Class Certification (ECF No. 57) ("Plaintiff's RJN"). For the reasons set forth below, this Court should deny Plaintiff's RJN.

## I.
## **LEGAL STANDARDS**

This Court may only take judicial notice of a "fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts in this Circuit frequently decline to take judicial notice of webpage and website information where the content is not "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned" (*id.*). *See, e.g.*, *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) ("[I]nformation appearing on the third party websites is not a proper subject of judicial notice because it is not capable of accurate and ready determination.); *Experian Info. Sols., Inc. v. Lifelock, Inc.*, 633 F. Supp. 2d 1104, 1107 (C.D. Cal. 2009) (refusing to take judicial notice of the web page of the Governor of Connecticut); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1168 (S.D. Cal. 2010) (refusing to take judicial notice of website screenshots); *Estate of Fuller v. Maxfield & Oberton Holdings, LLC*, 906 F. Supp. 2d 997, 1004 (N.D. Cal. 2012) (refusing to take judicial notice of webpage where "no information about who maintains this website or how information on the website is obtained" was proffered).

Further, where a plaintiff does not specifically establish the adjudicative facts it seeks to establish, this Court should decline to take judicial notice. *See Estate of Fuller, LLC*, 906 F. Supp. 2d at 1004 (N.D. Cal. 2012) ("Because the Court takes judicial notice only of adjudicative facts, and [Plaintiff] has not indicated, nor can

1  the Court discern, what adjudicative fact is supposedly being established here, the
2  Court DENIES [Plaintiff's RJN].") (typography in original).

3        Finally, "[c]aution must also be taken to avoid admitting evidence, through
4  the use of judicial notice, in contravention of the relevancy, foundation and hearsay
5  rules." *Am. Prairie Const. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009); *see
6  also Banks v. Schweiker*, 654 F.2d 637, 640 (9th Cir. 1981) (noting that there is a
7  traditional caution used when taking judicial notice). This means that "to the extent
8  the court *can* take judicial notice [here], it can do so only to 'indicate what was in
9  the public realm at the time, not whether the contents of [the websites] were in fact
10 true.'" *Gerritsen*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (quoting *Von Saher
11 v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010));
12 *see also United States v. Kane*, No. 2:13-CR-250-JAD-VCF, 2013 WL 5797619, at
13 *9 (D. Nev. Oct. 28, 2013) ("When a court takes judicial notice of publications like
14 websites and newspaper articles, the court merely notices what was in the public
15 realm at the time, not whether the contents of those articles were in fact true.").

## II.

## ARGUMENT

18       In support of her request that the Court take judicial notice, Plaintiff asserts
19 only the naked conclusion that "the documents and the facts contained therein" "are
20 publicly filed documents with facts that cannot be reasonably disputed; these are
21 documents and facts that are generally known within the Court's jurisdiction and
22 can be accurately and readily determined from sources whose accuracy cannot
23 reasonably be questioned." Not so. Instead, Plaintiff's RJN asks this Court to take
24 judicial notice of opinions and third party statements—not facts—that necessarily
25 ***cannot*** be "accurately and readily determined from sources whose accuracy cannot
26 reasonably be questioned." *See* Fed. R. Evid. 201. Accordingly, this Court should
27 deny Plaintiff's RJN as follows.

28

**A.      Exhibits F and G to Plaintiff's RJN Are Irrelevant and Not Proper Subjects for Judicial Notice.**

Plaintiff asks this Court to take judicial notice of nearly one thousand pages of purported "Amazon Customer Reviews of HP LaserJet Pro P1102w Wireless Monochrome Printer." Plaintiff's RJN, Exhibits F and G.

As an initial matter, Plaintiff's request fails as to these two Exhibits because Plaintiff fails to identify anywhere in her RJN the adjudicative facts in these hundreds of pages that she proposes that the Court judicially notice. Plaintiff argues in her brief that Exhibits F and G as evidence that the "Smart Install feature was also advertised by HP's online retail partners, and still is to this day" (Plaintiff's Motion for Class Certification ("Mot.") at 5:5-7) (citing RJN Exs. F and G)), Exhibits F and G purport not to be advertisements, but instead "Amazon Customer Reviews." *Compare* Mot. at 5:5-7, *with* Plaintiff's RJN, Exhibits F and G. As such, Plaintiff has not established what adjudicative fact she seeks to have this Court take judicial notice through Exhibits F and G. The Court should decline to take judicial notice of Exhibits F and G on that basis alone. *See Estate of Fuller*, 906 F. Supp. 2d at 1004.

Further, this Court should refuse to take judicial notice of Exhibits F and G because they are irrelevant to this action and do not consist of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." Fed. R. Evid. 201; *Meador v. Pleasant Valley State Prison*, 312 F. App'x 954, 956 (9th Cir. 2009) (explaining that "judicial notice is inappropriate where the facts to be noticed are irrelevant"). The statements are rank hearsay, with no indication, much less means for the Court to determine, that any of the exceptions of the hearsay rule are met, much less an attempt to establish foundation, i.e., that any particular review is legitimate, and indeed from customers who actually purchased the product in question.[1] *Gerritsen*, 112 F. Supp. 3d at 1029.

---

[1] To the extent necessary, the Court can take judicial notice that Amazon has

Nor is there any means by which the Court can determine, from Exhibits F and G, that the purported customer review bear any relation to the Smart Install feature on the printer carton that serves as the basis for Plaintiff's individual and putative class claims. The cursory information contained in the reviews simply does not support any conclusion that the reviews are relevant to any issue currently before the Court. Plaintiff's request as to these two Exhibits should be denied.

**B.     This Court Should Not Take Judicial Notice of Exhibits B, C and H to Plaintiff's RJN.**

Plaintiff also requests that the Court notice Exhibits B, C and H. Again, while her RJN does not identify the specific adjudicative facts that the Court is to notice, her briefing argues that that these Exhibits show that the "Smart Install feature was also advertised by HP's online retail partners, and still is to this day" (Plaintiff's Mot. at 5:5-7; *id.* at fn. 47, 48 & 49) (citing RJN Exs. B, C and H)).

But there is no indication from Plaintiff's request or otherwise as to the content of these webpages, other than the date on which they were accessed by Plaintiff's counsel in connection with filing her Motion. There is no indication as to the content of these websites at any prior time. *See Estate of Fuller*, 906 F. Supp. 2d at 1004 (refusing to take judicial notice of webpage where "no information about who maintains this website or how information on the website is obtained" was proffered); *see also In re Easysaver Rewards Litig.*, 737 F. Supp. 2d at 1168 ("The Court finds that whether these are the webpages Plaintiffs would have viewed during their online transactions is subject to 'reasonable dispute,' Fed. R. Evid. 201, as Rabinovitz states that the pages were changed, modified, and

---

sued different persons and entities for posting fake product reviews. *See, e.g., Amazon.com, Inc. v. Gentile*, 2015 WL 1593547 (Wash. Super.) (Apr. 8, 2015); *In re Am. Apparel, Inc. S'holder Derivative Litig.*, No. CV 10-06576 MMM RCX, 2012 WL 9506072, at *20 (C.D. Cal. July 31, 2012) (taking judicial notice of complaint filed in another action).

revised over time.").

And even Plaintiff had provided information regarding the content of the websites in years past, she would not have shown that the statements on third-party retailers were at all relevant to her pending Second Amended Complaint ("SAC"), which nowhere mentions online advertising, much less online advertising of third-party retailers. To the contrary, Plaintiff's SAC, which represents Plaintiff's third attempt to state her claims in accord with Federal Rules of Civil Procedure 8(a) and 9(b), nowhere mentions third-party advertising or any online advertising. *See* HP's Opposition to Plaintiff's Motion for Class Certification at 16, fn. 7 & 9 (citing *Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 941 (9th Cir. 2009) (refusing to consider omission allegations not contained in operative complaint in ruling on class certification motion); *Anderson v. U.S. Dep't of HUD*, 554 F.3d 525, 529 (5th Cir. 2008) ("[T]he district court abused its discretion by certifying a class based on claims not pleaded in the complaint.")).

The Court accordingly should deny Plaintiff's request as to Exhibits B, C and H.

### C. This Court Should Not Take Judicial Notice of Exhibits A, D and E and I to Plaintiff's RJN.

For the same reasons that this Court should refuse to take judicial notice of Exhibits B, C, F, G and H, it should decline to take judicial notice of Exhibits A, D E and I. Plaintiff again fails to set forth the adjudicative facts on which she seeks to establish (*Fuller*, 906 F. Supp. 2d at 1004), and does not even make an attempt to overcome the threshold evidentiary relevance, foundation and hearsay rules. *Hoich*, 560 F.3d at 797. And these hurdles are not overcome simply because the information found at the websites identified in the foregoing may have "hp.com" listed in their web addresses, or otherwise might be associated with HP (e.g., Ex. I). *See Gerritsen*, 112 F. Supp. 3d at 1030 (refusing plaintiff's request to take judicial notice of websites maintained by defendant and explaining "courts considering the

1  issue have expressed skepticism as to whether it is appropriate to take judicial
2  notice of information or documents appearing on websites that are created and
3  maintained by a party to the litigation"); *see also Duguid v. Facebook*, Inc., No. 15-
4  CV-00985-JST, 2016 WL 1169365, at *2 (N.D. Cal. Mar. 24, 2016) (refusing
5  judicial notice of party's web pages). As such, this Court should refuse to take
6  judicial notice of Exhibits A, D, E and I.

## III.
## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Request for Judicial Notice.

Dated: July 19, 2016

Respectfully submitted,

DRINKER BIDDLE & REATH LLP

By: /s/ Michael J. Stortz
Michael J. Stortz
Erin E. McCracken
Marshall L. Baker

Attorneys for Defendant
HP INC. f/k/a HEWLETT-PACKARD COMPANY