# United States District Court
# Central District of California
# Western Division

ANNE WOLF, on behalf of herself and others similarly situated,

        Plaintiffs,

    v.

HEWLETT PACKARD COMPANY,

        Defendants.

CV 15-01221 TJH (GSx)

## Order

[136]

The Court has considered Plaintiffs' motion for final approval of the class action settlement and Plaintiffs' motion for attorneys' fees and costs, together with the moving and opposing papers.

On April 25, 2016, Plaintiff Anne Wolf filed a Second Amended Complaint against Defendant Hewlett Packard Company ["HP"], alleging that HP violated California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*, by advertising a function on one of its printers that was deactivated. On September 1, 2016, Judge Beverly Reid O'Connell granted Wolf's motion to certify the class.

On September 25, 2017, Wolf moved for preliminary approval of the class action settlement. In that motion, Wolf represented to the Court that she would move to

1  consolidate the following putative class actions with this case: (1) *Sergi v. HP, Inc.*,

2  8:16-cv-02225-TJH-GJS; (2) *Romero v. HP, Inc.*, 5:16-cv-05414-EJD, a Northern

3  District of California case; and (3) *Ferenbach v. Hewlett Packard Co.*, 3:16-cv-02297-

4  MMA-MDD, a Southern District of California case.   On March 23, 2018, the Court

5  granted preliminary approval based on the representation that the cases would be

6  transferred and consolidated.

7  On September 4, 2018, Wolf moved for final approval of the class action

8  settlement.  Pursuant to the settlement agreement, each class member would receive

9  $20.00 for each offending printer purchased.   Further, HP agreed to pay for any

10  approved attorneys' fees, administrative costs, and incentive awards, separate from the

11  settlement fund.  On January 29, 2019, because Wolf had yet to cause the consolidation

12  of the aforementioned cases, the Court issued an order to show cause as to why the

13  motion for final approval should be denied for Wolf's failure to cause *Sergi* to be

14  consolidated with the instant case, and for *Romero* and *Ferenbach* to be transferred to

15  the Central District of California and consolidated with the instant case.

16  In response to the order to show cause, the parties filed a stipulation agreeing to

17  dismiss *Sergi*, *Romero*, and *Ferenbach*, and to allow Wolf to file a Third Amended

18  Complaint.  The Court approved the stipulation.  On February 13, 2019, Wolf, Robin

19  Sergi, Carlos Romero, and Anthony Fehenbach filed a Third Amended Complaint in

20  this action.   Until that occurred, it would not have been appropriate for the Court to

21  consider either the motion for final approval or the motion for attorneys' fees because

22  the Court lacked jurisdiction to consider a global settlement over claims not before it.

23  Because the claims are, now, properly before the Court, the Court will, now, consider

24  the aforementioned motions.

25  The settlement agreement was entered into in good faith and is fair and

26  reasonable to all class members.  Further, HP filed a notice of non-opposition to the

27  motion for final approval.

28  Pursuant to Fed. R. Civ. P. 23, the Court finally certifies the Settlement Class:

all persons or entities residing in states of California and Texas who purchased an HP LaserJet Pro P1102w Printer, as well as all persons or entities residing in California who purchased an HP LaserJet Pro 200 Color MFP M276nw printer, between April 1, 2014, and the present.  Excluded from the Settlement Class are any employees of HP, its parents, affiliates, or subsidiaries, the Judge or Magistrate Judge to whom the actions are assigned; and, any members of those judges' staffs or immediate families. With respect to the Settlement Class, this Court finds, solely for the purpose of the settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.

The Class Notice provided to the Settlement Class conforms with the requirements of Fed. R. Civ. P. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances of these proceedings and the matters set forth therein, by providing individual notice to all class members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forht therein to the other class members.

No class members have objected to the terms of the settlement.  Three class members have requested exclusion from the settlement.

Accordingly, the motion for final approval will be granted.

Plaintiffs, also, move for attorneys' fees, costs, and incentive awards.

Pursuant to the settlement agreement, HP agreed to pay Plaintiffs' incentive awards.  Plaintiffs seek incentive awards of $5,000.00 for Wolf and $2,000.00, each, for Sergi, Romero, and Fehrenbach.  Each Plaintiff filed a declaration attesting to the efforts that they respectively contributed to this action.  Upon review, the Court finds that these incentive awards are reasonable.

The dispute, here, is whether the requested fees and costs are reasonable.  In calculating reasonable attorneys' fees, the Court's starting point is the product of the number of hours reasonably expended and the reasonable hourly rate.  *Gonzalez v. City*

1 | *of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013).

2 |     Plaintiffs are seeking attorneys' fees of $1,157,352.00 based on 2,015.1 hours

3 | worked by five attorneys and a law clerk in all of the cases.  In calculating reasonable

4 | attorneys' fees, the Court must exclude hours that are excessive, redundant, or

5 | otherwise unnecessary.  *Hensley*, 461 U.S. at 434. This case was originally four

6 | separate actions, spanning three different districts.  Indeed, the Court cannot determine

7 | the reasonableness of the hours spent simply by reviewing chronological time records.

8 | Rather, Plaintiffs must submit consolidated time records, broken down by tasks and

9 | biller, for each case.  For example, the number of hours worked on a particular type

10 | of motion, the number of hours worked on various types of discovery, *etc*.

11 |     Further, the relevant legal community, to determine the reasonableness of the

12 | requested hourly rates, is the forum in which the District Court sits.  *Chaudhry v. City*

13 | *of L.A.*, 751 F.3d 1096, 1110 (9th Cir. 2014).  Plaintiffs' cases originated in the

14 | Central, Northern, and Southern Districts of California.  Accordingly, Plaintiffs have

15 | the burden of proving that their requested rates are in line with the prevailing market

16 | rates in those three districts for similar services by lawyers of reasonable comparable

17 | skills, experience, and reputation.  *See Chaudhry*, 751 F.3d at 1110.  Plaintiffs have

18 | failed to provide any basis that their rates are reasonable in either the Northern or

19 | Southern Districts of California.

20 |     Accordingly,

21 |     𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion for final approval be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

22 |     𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Plaintiffs shall file, within 14 days of this order,

23 | a breakdown of each attorneys' hours in the form of a grid with the number of hours

24 | each biller spent on each task for each action.

25 | Date: March 29, 2019

26 |

27 |                        Terry J. Hatter, Jr.

28 |               Senior United States District Judge