# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ANNE WOLF, on behalf of herself and others similarly situated, | CV 15-01221 TJH (GJSx) |
| Plaintiffs, | |
| v. | Order |
| HEWLETT PACKARD COMPANY, *et al.*, | |
| Defendants. | |

The Court has considered Plaintiffs' motion for attorneys' fees, together with the moving and opposing papers and the parties' supplemental briefs.

This class action, in effect, consolidated four class actions filed in three District Courts. Although the settlement agreement included a clause that required Defendants to pay Plaintiffs' reasonable attorneys fees, the parties disagreed on whether Plaintiffs' requested fees of $1,157,352.00, based on 2,015.1 hours worked by five attorneys and a law clerk, were reasonable. Because Plaintiffs submitted only chronological time records, the Court could not determine the reasonableness of the request. Further, Plaintiffs failed to substantiate the reasonableness of the hourly rates for the work

performed in the two out of District cases. Accordingly, the Court ordered Plaintiffs to file a breakdown of each attorneys' hours in the form of a grid with the number of hours each biller spent on each task for each action.

It is Plaintiffs' burden to establish the reasonableness of the hours expended. *See Southerland v. Int'l Longshoremen's and Warehousement's Union, Local 8*, 845 F.2d 796, 801 (9th Cir. 1987). Although Plaintiffs have provided a breakdown of the number of hours each biller spent on a few broad categories, the Court, still, cannot determine the reasonableness of the hours spent. For example, Plaintiffs seek a total of 236 hours under the category of "Wolf mediation," with partner Adrian Bacon expending 144.8 of those hours. Plaintiffs explain that this category encompassed the following tasks: (1) Discussing mediation with defense counsel; (2) Conducting legal and factual research on the claims and reasonable settlements of false advertising class actions; (3) Preparing mediation briefs; (4) Traveling to the mediation; and (5) Participating in the mediation. However, Plaintiffs failed to parcel out how much time each biller spent on each task within any given category. For example, of Bacon's 144.8 "Wolf mediation" hours, the Court cannot determine how much of that time was spent preparing for, traveling to, or participating in the mediation. Accordingly, the Court, still, cannot determine the reasonableness of the requested fees.

Nevertheless, it appears to the Court that Plaintiffs excessively billed in every category. For example, Plaintiffs' counsel seek 100.2 hours expended on drafting the complaints in the four cases, 41, 22.3, 18.8, and 18.1 hours, respectively. The Court reviewed the complaints in all four cases and found that they are all substantially similar. Indeed, the complaints even share the same typographical errors. The Court is puzzled as to why Plaintiffs spent so much time on each subsequent complaint when it is clear that large portions were recycled.

Notably, HP did not argue in its supplemental briefs that the hourly rates sought by Plaintiffs were unreasonable.

It would be in the parties' best interest to meet and confer and, if necessary,

participate in a settlement conference with Magistrate Judge Gail Standish with regard to the amount of reasonable attorneys' fees Defendants should be required to pay. If the parties cannot come to an agreement after the conference, Plaintiffs shall submit further breakdowns of their hours and to further justify the reasonableness of their fee request.

Accordingly,

It is Ordered that the parties shall file a joint status report, within 60 days from the date of this order, indicating their efforts and success, if any, in reaching an agreement as to the amount of reasonable attorneys' fees; if the parties need the assistance of Judge Standish, they should schedule a settlement conference within 45 days from the date of this order.

It is further Ordered that if the parties are unable to reach an agreement, Plaintiffs shall file additional supplemental declarations in support of their motion for attorneys' fees within 15 days after the filing of the joint status report. Defendants may file opposition papers, if any, within 7 days after the filing of Plaintiffs' additional supplemental declarations. Plaintiffs may file a reply, if any, within 7 days after the filing of Defendants' opposition papers. The matter will, then, stand submitted.

Date: June 24, 2019

_____
Terry J. Hatter, Jr.
Senior United States District Judge