# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ANNE WOLF, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HEWLETT PACKARD COMPANY,<br><br>Defendant. | CV 15-01221 TJH (GJSx)<br><br><br>Order |

The Court, for the third time, has considered Plaintiffs' motion for attorneys' fees and costs, together with the moving and opposing papers, and the supplemental briefs and declarations.

This class action, in effect, consolidated four separate putative class actions spanning three District Courts – the Central, Northern, and Southern District of California. As part of the global settlement, the parties agreed that Defendant Hewlett-Packard Company ["HP"] would pay Plaintiffs' reasonable attorneys' fees, separate from the settlement fund.

On September 4, 2018, Plaintiffs filed a motion for attorneys' fees seeking

$1,157,352.00, based on 2,015.1 hours worked by five attorneys and a law clerk. In its opposition, HP argued that the requested fees were unreasonable, but acknowledged that "the time reasonably expended in this action is no more than 1,434.3 hours."

On March 29, 2019, and June 24, 2019, the Court issued orders stating that it could not determine the reasonableness of the hours expended by Plaintiffs' attorneys' given the evidence before the Court. Moreover, the Court ordered the parties to attend a settlement conference before Magistrate Judge Gail Standish, and to file additional supplemental declarations in support of their motion should the settlement discussions fail. The parties could not reach a settlement and, subsequently, filed supplemental declarations and briefs.

**Attorneys' Fees**

In calculating reasonable attorneys' fees, the Court's starting point is the product of the number of hours reasonably expended and the reasonable hourly rate. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). As previously noted by the Court, it is Plaintiffs' burden to produce evidence that the rates and hours expended were reasonable. *See Intel Corp. v. Terabyte Int'l*, 6 F.3d 614, 623 (9th Cir. 1983).

The supplemental declaration of Todd Friedman, one of Plaintiffs' attorneys, is nothing more than the functional equivalent of block-billing. By giving paragraphical explanations of what the firm did as a whole, Plaintiffs, again, failed to parcel out how much time each biller spent on each task. Plaintiffs argued that their counsels' lengthy declarations would be sufficient to establish the reasonableness of their fee request if this case were in the Northern District of California. However, this Court is not in the Northern District. Despite the Court having pointed out this deficiency in the past, and having given Plaintiffs multiple opportunities to rectify their shortcomings, Plaintiffs still have not sufficiently addressed the Court's concerns or satisfied their burden of establishing the reasonableness of the hours expended by their attorneys.

Nevertheless, Friedman's supplemental declaration stated that HP had previously

acknowledged that 1,434.3 hours was a reasonable amount of time for Plaintiffs' counsels work in this case, and proposed that "it would be fair to look at [HP's] position as a floor for what a fee award could potentially be." The Court is cognizant that the 1,434.3 hours did not take into account the work done by Plaintiffs' attorneys in the year following the filing of their initial motion for attorneys' fees. However, the Court will not award attorneys' fees for time Plaintiffs expended in seeking fees other than the hours expended to prepare the initial motion for attorneys' fees. It would be unreasonable to order HP to pay for Plaintiffs' numerous attempts to adequately jutify their fee requests.

Given HP's concession and Plaintiffs' continuous failures at satisfying their burden, the Court finds that 1,434.3 total hours expended is more than reasonable to compensate Plaintiffs' attorneys.

Plaintiffs seek the following hourly rates for their attorneys: (1) $725.00 for Todd Friedman, a partner; (2) $625.00 for Adrian Bacon, a partner; and (3) $175.00 for Yoel Hanohov, a law clerk who became an associate during the pendency of this action. Based on the evidence presented by the parties and the number of years of experience each attorney has, the Court finds those hourly rates for Plaintiffs' attorneys are reasonable.

Therefore, the Court will award Plaintiffs a total of $859,697.50 for reasonable attorneys' fees, as shown in the following chart.

| | Requested Hours | Awarded Hours | Hourly Rate | Total |
|---|---|---|---|---|
| Friedman (Partner) | 435.6 | 370.6 | $725.00 | $268,685.00 |
| Bacon (Partner) | 1,209.7 | 899.7 | $625.00 | $562,312.50 |
| Hanohov (Law Clerk/Junior Associate) | 214 | 164 | $175.00 | $28,700.00 |
| **Total** | 1859.3 | 1,434.3 | | $859,697.50 |

**Costs**

Plaintiffs seek $98,017.80 in costs, as detailed in the chart below.

Plaintiffs have not established the necessity or reasonableness of their airfare, hotel, meals, parking, or mileage costs. With regard to transportation, Plaintiffs submitted evidence to establish that they spent only $230.36.

Plaintiffs seek $13,000.00 for expert fees for their proposed expert, William Buckley, comprised of a $10,000 retainer and $3,000 for services rendered. On September 1, 2016, Judge Beverly Reid O'Connell concluded that Buckley was not qualified to offer an expert opinion in this case because his methodologies failed to satisfy the requirements of *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993). Accordingly, Judge O'Connell struck Buckley's declaration from the record. Plaintiffs failed to establish the reasonableness of recovering expert fees for a purported expert who was deemed insufficient under *Daubert*. HP need not bear the burden of Plaintiffs' poor choice in experts.

In his supplemental declaration, Friedman declared that he "anticipated" that his firm would spend "approximately" another $200.00 in chambers copies. The Court will not award speculative costs.

The other costs are recoverable and reasonable.

|  | Requested Costs | Awarded Costs |
| --- | --- | --- |
| Airfare | $1,015.92 | $0.00 |
| Hotel | $1,613.80 | $0.00 |
| Service of Subpoenas and Data Pull Costs | $8,440.90 | $8,440.90 |
| Service on Defendant | $847.02 | $847.02 |
| Service of Chambers Copies to Court | $1,192.95 | $992.95 |
| Court Reporter/Deposition Fees | $2,740.10 | $2,740.10 |
| Expert Fees | $13,000.00 | $0.00 |
| Class Notice | $53,960.53 | $53,960.53 |
| Filing Fees | $1,600.00 | $1,600.00 |

| Meals | $60.16 | $0.00 |
|---|---|---|
| Parking | $220.00 | $0.00 |
| Mileage | $375.06 | $0.00 |
| Transportation | $300.36 | $230.36 |
| Mediation Fees | $12,645.00 | $12,645.00 |
| **Total** | **$98,017.80** | **$81,456.86** |

Accordingly,

It is Ordered that Plaintiffs' motion for attorneys' fees be, and hereby is, Granted.

It is further Ordered that HP shall pay to Plaintiffs their reasonable attorneys' fees of $859,697.50.

It is further Ordered that HP shall pay to Plaintiffs their reasonable costs of $81,456.86.

Date: December 16, 2019

Terry J. Hatter, Jr.
Senior United States District Judge