# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNE WOLF, ROBIN SERGI, ANTHONY FEHRENBACH, and CARLOS ROMERO individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HEWLETT PACKARD COMPANY,<br><br>Defendant. | Case No. 5:15-cv-01221-TJH-GJSx<br><br>**FINAL JUDGMENT [JS-6]**<br><br>**Judge: Hon. Terry J. Hatter**<br>**Courtroom: 149B** |

This matter came before the Court for a hearing on November 5, 2017, on the application of the Settling Parties for approval of the Settlement set forth in the Settlement Agreement and Release dated July 31, 2017 ("Settlement" or "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. This Judgment incorporates by reference the Order re: Motion for Final Approval of Class Settlement [Dkt. 157], issued by the Court on March 29, 2019, (the "Final Approval Order") and Motion for an Award of Attorneys' Fees and Reimbursement of Expenses [Dkt. 173], issued by the Court on December 16, 2019 ("Motion for Fees and Costs"). This Judgment also incorporates by reference the definitions in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement, unless otherwise set forth herein.

2. This Court has jurisdiction over the subject matter of the Action and over all of the parties to the Action.

3. As fully set forth in the Final Approval Order and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies the Settlement Class for the purpose of administering the Settlement. The Settlement Class is defined as: all persons or entities residing in the States of California and Texas who purchased an HP LaserJet Pro P1102w Printer, as well as all persons or entities residing in California who purchased an HP LaserJet Pro 200 Color MFP M276nw printer, between April 1, 2014, and the present. Excluded from the Class are any employees of HP, its parents, affiliates, or subsidiaries; the Judge or Magistrate Judge to whom the Actions are assigned;

and, any member of those Judges' staffs or immediate families. With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied.

4. The Class Notice provided to the Settlement Class conforms with the requirements of Federal Rule of Civil Procedure 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances of those proceedings and the matters set forth therein, by providing individual notice to all Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law.

5. The Court finds the settlement was entered into in good faith, that the settlement is fair, reasonable and adequate, and that the settlement satisfies the standards and applicable requirements for final approval of this class action settlement under California and federal law, including the provisions of Federal Rule of Civil Procedure 23. The settlement falls within the range of possible approval as fair, adequate and reasonable, appears to be the product of arms-length and informed negotiations, and treats all members of the Settlement Class fairly.

6. No Class Members have objected to the terms of the Settlement.

7. Three Class Members/ have requested exclusion from the Settlement.

8. Upon entry of this Order, compensation to the participating members of the Settlement Class shall be effected pursuant to the terms of the Settlement Agreement.

9. In addition to any recovery that Plaintiffs may receive under the Settlement, and in recognition of the Plaintiffs' efforts and risks taken on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to the Plaintiff Anne Wolf, in the amount of $5,000, and as to the other Named Plaintiffs in the amount of $2,000 each.

10. The Court approves the payment of attorneys' fees to Class Counsel in the sum of $ 859,456.86 and the reimbursement of litigation expenses in the sum of $ 81,456.86.

11. The Court approves and orders payment in an amount commensurate with KCC's actual costs, to KCC for performance of its settlement claims administration services.

12. Upon the Effective Date, the Plaintiffs and all members of the Settlement Class, except the excluded individuals referenced in paragraph 8 of this Order, shall have, by operation of this Order and the accompanying Judgment, fully, finally and forever released, relinquished, and discharged the Released Parties, defined in Section 2.26 of the Settlement Agreement as Defendant HP Inc. ("HP"), and each of its employees, assigns, attorneys, agents, and all of its past, present, and future officers and directors; all of HP's parents, subsidiaries, divisions, affiliates, predecessors, and successors, and each of their respective employees, assigns, attorneys, agents, resellers and past, present and future officers and directors; and any and all persons, entities, or corporations involved in any way in the sale, distribution or advertising of HP LaserJet Pro P1102w printers and/or HP LaserJet Pro 200 Color MFP

M276nw printers, from the Released Claims, defined in Section XVI of the Settlement Agreement as any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Approval Order, that: (i) were brought or that could have been brought against the Released Parties, or any of them, and that arise out of or are related in any way to any or all of the acts, omissions, facts, matters, transactions, or occurrences that were or could have been directly or indirectly alleged or referred to in the Action (including, but not limited to alleged violations of state consumer protection, unfair competition, and/or false or deceptive advertising statutes (including, but not limited to, Cal. Bus. & Prof. Code § 17200 et seq., Cal. Bus. & Prof. Code § 17500 et seq., Cal. Civ. Code § 1750 et seq. and Texas Business and Commerce Code, §§ 17.50, et seq.)); declaratory or injunctive relief, and other equitable claims or claims sounding in contract and tort; and (ii) arise out of or relate in any way to the availability of the Smart Install feature on HP LaserJet Pro P1102w printers and/or HP LaserJet Pro 200 Color MFP M276nw printers, including but not limited to, all claims that relate in any way to allegations that HP represented that certain HP LaserJet Pro P1102w printers and/or HP LaserJet Pro 200 Color MFP M276nw printers would come equipped with the Smart Install feature, when

in fact the printers did not have the Smart Install feature available. Upon the Effective Date, Plaintiffs and all members of the Settlement Class shall be and are hereby permanently barred and enjoined from the institution or prosecution of any and all of the Released Claims against any and all of the Released Parties under the terms of the Settlement Agreement.

13. Upon completion of administration of the Settlement, the Parties shall file a declaration setting forth that claims have been paid and that the terms of the settlement have been completed.

14. This "Judgment" is intended to be a final disposition of the above captioned action in its entirety, and is intended to be immediately appealable.

15. Neither the Settlement Agreement nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or Settlement is or may be deemed to be or may be used as an admission of, or evidence of: (a) the validity of any Released Claim, or of any liability, fault or other wrongdoing of any kind; (b) any liability, fault, misrepresentation or omission with respect to any advertising or any other statement; (c) the validity or invalidity of any claims asserted by the Plaintiffs or the amount of recoverable damages in connection with those claims; or (d) any infirmity in the defenses that have been or could have been asserted in the Action.

16. The Released Parties may file the Settlement Agreement and/or the Final Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17. The Action is dismissed with prejudice, permanently barring the Plaintiffs and all other members of the Settlement Class (other than those members of the Settlement Class who timely and validly opted out of the settlement) from prosecuting any of the Released Claims. The Court reserves and retains exclusive and continuing jurisdiction over the above-captioned matters, the Plaintiffs, the Settlement Class, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Settlement Agreement and this Judgment.

**IT IS SO ORDERED**.

Date: January 9, 2020

_____
HON. TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE